IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROYA SHANE DRIVER, | : |
| Plaintiff, | : |
| v. | : Case No. 5:25-cv-9-TES-AGH |
| BALDWIN STATE PRISON, | : |
| Defendant. | : |

# ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Troya Shane Driver, an inmate at Baldwin State Prison in Hardwick, Georgia (ECF No. 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2). As explained below, Plaintiff must (1) either pay the Court's filing fee in full or submit a proper and complete motion to proceed IFP and (2) amend or supplement his Complaint in accordance with the directions set forth below if he wishes to proceed with this action.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed IFP in this case, but Plaintiff's motion is incomplete. A prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Although Plaintiff filed a document attesting to his indigence, he failed to submit a certified

copy of his prison trust fund account statement. Plaintiff is **DIRECTED** to either pay the Court's $405.00 filing fee in full or submit a complete and proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement for six months prior to the filing of the Complaint, within **FOURTEEN (14) DAYS** of the date of this Order. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose, marked with the case number.

## ORDER TO SUPPLEMENT OR AMEND

Because Plaintiff is a prisoner, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915A. Under this statute, the Court must conduct a preliminary review of a prisoner complaint and dismiss it if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). The Court conducted an initial review of Plaintiff's allegations and finds that his Complaint currently fails to state a claim.

Plaintiff's allegations concern his medical treatment at Baldwin State Prison beginning on December 8, 2024. Compl. 5, ECF No. 1. Plaintiff contends he had three seizures "back to back" and hurt himself "really bad." *Id.* Plaintiff attaches several witness statements to his Complaint that suggest prison officials delayed in providing him medical treatment for those seizures. *See, e.g.*, Compl. Attach. 2, at 1, ECF No. 1-2 (statement from another inmate alleging that he witnessed Plaintiff having seizure and "couldn't get help because there was a death bolt on the door and

after we kick on the door to get it took medical 25 min to come and see about" Plaintiff). Plaintiff also contends he has cirrhosis of the liver and heart failure. Compl. 5. Plaintiff names Baldwin State Prison as the only Defendant, and he requests monetary compensation and that the prison be "shut down". *Id.* at 6.

Plaintiff attempts to assert deliberate indifference claims under the Eighth Amendment. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To state an actionable Eighth Amendment claim, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The first element is objective and requires a plaintiff to set forth a "serious medical need," which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann*, 588 F.3d at 1307. "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255

(11th Cir. 2024) (quoting *Farmer*, 411 U.S. at 839). Subjective awareness requires that the defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew]." *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (alterations in original). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255.

The final element simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). "[A]s with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.* at 1326. "Causation, of course, can be shown by personal participation in the constitutional violation." *Id.* at 1327.

As a preliminary matter, Plaintiff only sued Baldwin State Prison itself, which is not an entity capable of being sued in a § 1983 case. *See, e.g., Brannon v. Thomas Cnty. Jail,* 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting that a county jail "is not an entity capable of being sued under Georgia law"); *Allen v. Brown,* No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) (noting that "federal courts in Georgia

. . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"). Plaintiff's claims against the prison itself, as pleaded, are therefore subject to dismissal.

Moreover, Plaintiff's allegations are too vague and conclusory to state a constitutional claim against any prison officials at Baldwin State Prison. For example, although Plaintiff alleges that he had three consecutive seizures, he does not: explain how he hurt himself "really bad" after those seizures; describe his cirrhosis and heart failure diagnoses, symptoms, or treatment history; or clearly explain what each individual prison official did (or did not do) with respect to any of his medical conditions. Without some supporting facts, the Court cannot conclude that any prison official was subjectively aware that Plaintiff was at risk of serious harm and disregarded that risk in a subjectively reckless manner. *See Wade*, 106 F.4th at 1255; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (holding that a complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").

Because Plaintiff is acting *pro se*, the Court will give him an opportunity to amend or supplement his pleading to address these deficiencies. If Plaintiff wishes to pursue his claims, then he is **ORDERED** to amend or supplement his Complaint by including additional factual information about his claims. When providing this information, Plaintiff should list each individual or entity he intends to sue in this action on a sheet of paper. Beside each name, Plaintiff should clearly describe each

medical condition from which he suffered and explain (1) the symptoms he suffered as a result of that condition; (2) which medical condition or symptoms he notified that individual about; (3) when Plaintiff notified that particular individual of his condition or symptoms; (4) what information Plaintiff told that individual about his condition or symptoms; (5) what treatment he received from that individual (or whether that individual denied treatment); and (6) when he received such treatment or denial. Plaintiff should also ensure that the case number for this case appears on his amendment/supplement. To survive preliminary review, Plaintiff must allege facts creating "a reasonable expectation" that discovery will reveal evidence to prove his claims. *See Twombly*, 550 U.S. at 555-56.

## CONCLUSION

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) either pay the Court's $405.00 filing fee in full or submit a complete and proper motion for leave to proceed *in forma pauperis*, to include a certified copy of his prison trust fund account information; and (2) amend or supplement his Complaint as directed above. Plaintiff is additionally instructed to immediately notify the Court, in writing, of any change in his mailing address. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 4th day of March, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE