IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TROYA SHANE DRIVER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 5:25-cv-9-TES-AGH |
| : | |
| **BALDWIN STATE PRISON,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Troya Shane Driver, an inmate currently incarcerated at the Baldwin State Prison in Hardwick, Georgia (ECF No. 1).  Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2).  On March 4, 2025, the Court ordered Plaintiff to (1) either pay the filing fee or submit a proper and complete motion to proceed IFP, to include a certified copy of his prison trust fund account information, and (2) amend or supplement his Complaint to provide the Court with more information about his claims.  Plaintiff was given fourteen (14) days to comply, and he was advised that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this action.  ECF No. 4 at 6.

The time for compliance passed without a response.  As such, Plaintiff was ordered to respond and show cause why this case should not be dismissed for failure to comply with the March 4, 2025 Order.  Plaintiff was also again ordered to comply with the March 4th Order.  Plaintiff was given another fourteen days to comply, and he was warned that

the failure to fully and timely comply could result in the dismissal of this case. *See generally* ECF No. 5.

The time for compliance has again expired without a response from Plaintiff. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); and then citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions). This action is therefore **DISMISSED without prejudice** because Plaintiff failed to comply with the Court's March 4, 2025 Order. Plaintiff's pending motion (ECF No. 2) is **DENIED as moot.**

**IT IS SO ORDERED** this 6th day of May, 2025.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**